IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDUARDO COUNTESS, # F04552 | * | Civil No. CCB-06-2318 |
| | | Related Crim. No. CCB-04-232 |
| Petitioner | * | |
| v. | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

**MEMORANDUM**

Before the court is a pro se petition for writ of habeas corpus filed by Eduardo Countess. On July 7, 2006, a jury sitting in the United States District Court for the District of Maryland returned guilty verdicts against Countess for conspiracy to distribute a controlled substance, conspiracy to use interstate commerce facilities in commission of a murder for hire, use of interstate commerce facilities to commission a murder for hire, and related offenses. *See United States v. Thomas, et al.*, Criminal Action No. CCB-04-232 (D. Md.). Countess has also filed a motion for leave to proceed in forma pauperis and a motion for copy work at the expense of the government. The court will grant the motion to proceed in forma pauperis, and deny without prejudice the petition for writ of habeas corpus and the motion for copy work.

The petition for writ of habeas corpus asserts generally that Countess is in custody of the United States in violation of the Constitution and Laws of the United States, without specifying which laws or constitutional provisions are allegedly violated. To the extent Countess might be intending to challenge the jury verdict returned on July 7, 2006, in a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct, the motion is premature. The court has not yet entered judgment

and imposed sentence against Countess.[1]

Insofar as Countess seeks his trial transcripts, his request cannot be granted because such transcripts do not yet exist. The court reviews audiotapes unless it determines that preparation of a transcript is warranted. Further, an indigent prisoner is not entitled to a transcript at government expense absent a showing of a particularized need. *See United States. v. Shoaf*, 341 F.2d 832, 833-834 (4th Cir. 1964) (ruling there is no entitlement to free transcript merely for examination to determine whether to engage in litigation or to "comb the record in the hope of discovering some flaw."); *Bozeman v. U. S.*, 354 F. Supp. 1262 (E.D.Va.1973) (holding federal prisoner must state claim of constitutional dimension which is neither frivolous on its face nor rendered moot under the law by other applicable doctrines, and must specify with clarity those portions of the proceedings questioned to permit an initial determination of relevance to be made by district court). Countess fails to particularize his need for trial transcripts and he fails to meet the requisites for obtaining documents at government expense. A separate order consistent with this memorandum follows.

September 18, 2006            /s/
Date            Catherine C. Blake
           United States District Judge

---

[1] The court will direct the Clerk to mail a 28 U.S.C. §2255 information and forms packet to Countess in the event he intends to later file for collateral relief.